UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ERWIN GARNER,<br><br>Petitioner,<br><br>v.<br><br>BRIAN CATES, Acting Warden,<br><br>Respondent. | No. 1:20-cv-01403-NONE-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 19) |

Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 1, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be denied on the merits. (Doc. No. 19.) These findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service of that order. (*Id.* at 30–31.) On May 5, 2021, petitioner filed objections to the magistrate judge's findings and recommendations. (Doc. No. 20.)

Petitioner objects to the magistrate judge's analysis of his sufficiency of the evidence claim, arguing that the magistrate judge improperly relied upon the California Court of Appeal for the Fifth Appellate District's ("Fifth DCA") summary of facts, which he contends does not match

1

any witness or victim statements made in court. (*See* Doc. No. 20 at 1, 3.) Specifically, petitioner asserts that M.Ga.'s testimony does not show that petitioner committed any sexual act against M.Ga. (Doc. No. 20 at 4; *see* Doc. No. 12-13 at 31–97.) The undersigned is not persuaded by petitioner's argument because, as noted in the pending findings and recommendations, the Fifth DCA fully recounted M.Ga.'s testimony regarding the various types of sexual acts petitioner committed against her. (*See* Doc. No. 19 at 8–10, 28, 30.) In light of this and the other evidence cited by the Fifth DCA and magistrate judge, the undersigned agrees that, "after viewing the evidence in the light most favorable to the prosecution," the Fifth DCA's conclusion that petitioner raped M.Ga. as charged under California law was not "objectively unreasonable." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Cavazos v. Smith*, 565 U.S. 1, 2 (2011).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not

entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations, filed April 1, 2021 (Doc. No. 19), are ADOPTED IN FULL;
2. The petition for writ of habeas corpus (Doc. No. 1) is DENIED on the merits;
3. The Clerk of the Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to close the case; and
4. The court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 8, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE